DISCIPLINARY COUNSEL *v.* MAY.

[Cite as *Disciplinary Counsel v. May,*
106 Ohio St.3d 385, 2005-Ohio-5320.]

(No. 2005–0790—Submitted June 15, 2005—Decided October 19, 2005.)

**Per Curiam.**

{¶ 1} Respondent, Neal Allan May, of Cincinnati, Ohio, Attorney Registration No. 0062317, was admitted to the Ohio bar in 1993.

{¶ 2} On October 11, 2004, relator, Disciplinary Counsel, charged respondent with committing several violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline held a hearing and made findings of fact and a recommendation, which the board adopted.

### Misconduct

{¶ 3} On May 29, 2003, the Butler County Grand Jury indicted respondent on two criminal charges of obtaining a dangerous drug through deception, a felony of the fifth degree, in violation of R.C. 2925.22(A). Both charges resulted from respondent's presentation of forged prescriptions for Vicodin, a Schedule III controlled substance, to a pharmacy.

{¶ 4} In November 2003, respondent pleaded guilty to the two felony charges. The trial court granted respondent's motion to undergo drug treatment in lieu of conviction and stayed further criminal proceedings as provided in R.C. 2951.041. Respondent agreed to submit to both random and scheduled drug tests and attend Narcotics Anonymous or Alcoholics Anonymous meetings for at least one year. In November 2004, the trial court found that respondent had successfully completed his treatment plan and had abstained from using drugs and alcohol during the previous year, and the court therefore dismissed the criminal charges against respondent as provided in R.C. 2951.041(E).

{¶ 5} In response to relator's charges, respondent admitted and the board found that respondent had violated DR 1–102(A)(3) (barring illegal conduct involving moral turpitude), DR 1–102(A)(4) (prohibiting conduct involving fraud, deceit, dishonesty, or misrepresentation), and DR 1–102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law).

### Sanction

{¶ 6} In recommending a sanction for respondent's misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before

the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").
The board cited no aggravating factors in connection with respondent's actions.

{¶ 7} The board did note several mitigating factors, including the absence of any prior disciplinary record and a cooperative attitude during the proceedings. BCGD Proc.Reg. 10(B)(2)(a) and (d).

{¶ 8} The board also found that respondent had been professionally diagnosed as having been chemically dependent on pain medications and that his abuse of those medications had affected his behavior and contributed to his misconduct. Consistent with the parties' stipulations, the board concluded that respondent had successfully completed an approved treatment program and is in a position to provide ethical and professional service to his clients. BCGD Proc.Reg. 10(B)(2)(g).

{¶ 9} The parties jointly suggested that respondent be suspended from the practice of law for two years, with the entire suspension stayed on conditions. The board accepted this recommendation.

{¶ 10} We agree that respondent violated all of the provisions cited in the board's report, and we also agree that a two-year stayed suspension from the practice of law is appropriate. The board's recommended sanction is consistent with the sanction we have imposed in similar cases. See, e.g., *Disciplinary Counsel v. Casalinuovo* (1993), 66 Ohio St.3d 367, 613 N.E.2d 177 (attorney's successful completion of a treatment-in-lieu-of-conviction program warranted a two-year stayed suspension). Respondent has accepted full responsibility for his actions and has agreed to meet all the conditions recommended by the panel and the board.

{¶ 11} Accordingly, respondent is hereby suspended from the practice of law in Ohio for a period of two years, with the entire suspension stayed, and respondent is placed on a two-year probation on condition that he (1) remain drug-free and alcohol-free, (2) continue participating in the Ohio Lawyers Assistance Program, (3) be subject to random urine analysis and testing for substance and alcohol abuse, (4) attend a meeting of Narcotics Anonymous or Alcoholics Anonymous at least once each week, and (5) continue counseling with a psychiatrist or therapist at least once each quarter. If respondent violates any of these conditions, the stay will be lifted, and respondent will serve the entire term as a period of actual suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Neal A. May, pro se.