John Michael Drain Jr., pro se.

CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* MCFAUL.

[Cite as *Cleveland Metro. Bar Assn. v. McFaul,*
120 Ohio St.3d 293, 2008-Ohio-6145.]

(No. 2008–1203—Submitted August 26, 2008—Decided December 3, 2008.)

**Per Curiam.**

{¶ 1} Respondent, Kevin T. McFaul of Cleveland, Ohio, Attorney Registration No. 0033568, was admitted to the practice of law in Ohio in 1986. The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice for two years and stay the suspension on remedial conditions, based on findings that he (1) took liberties on sign-in sheets at a juvenile detention center to gain access for a client's girlfriend and (2) was convicted of attempted drug possession after years of alcohol and cocaine addiction. We find that respondent violated the Code of Professional Responsibility and agree that a two-year stayed suspension is appropriate.

{¶ 2} Relator, Cleveland Metropolitan Bar Association, charged respondent with three counts of professional misconduct, later dismissing the allegations in Count II. A panel of the board heard the case, making findings of misconduct and recommending the two-year suspension, stayed on conditions including monitored probation and drug screening. The board accepted the panel's findings and recommendation.

{¶ 3} The parties have jointly waived objections and moved for our adoption of the board's report.

## Misconduct

### Count I

{¶ 4} While representing Jose Reyes in September 2006, respondent allowed Reyes's girlfriend, Whitney Matta, to pose as a legal assistant so that she could visit Reyes in the county juvenile detention center. Although regulations limited visitors other than detainees' legal representatives, respondent passed two checkpoints during restricted hours, signing in Matta first as his "legal assistant" and then as his "paralegal." Matta was not technically in respondent's employ, although she had helped him with his investigation in Reyes's case, and respondent had credited Reyes $250 for Matta's services.

{¶ 5} The parties stipulated and the board found that respondent's misrepresentation violated DR 1–102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law). We accept this finding of misconduct. The parties also stipulated that relator had dismissed a charged violation of DR 1–102(A)(4) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation). The board mistakenly stated that the parties had stipulated to that misconduct and found a violation of that rule. We reject that finding.

### Count III

{¶ 6} Respondent has been addicted to alcohol and crack cocaine for many years. In November 2006, he was indicted on two counts of possession of drugs in violation of R.C. 2925.11. In May 2007, respondent pleaded guilty to a reduced charge of attempted drug possession, a first-degree misdemeanor. Respondent was sentenced to a jail term of six months, which the court suspended, and was placed on probation for five years.

{¶ 7} Among the terms of respondent's probation are the requirements that he perform 50 hours of community service, submit to random drug testing, successfully complete a substance-abuse treatment program, including a minimum of six months of inpatient treatment, and attend aftercare and outpatient treatment as necessary for his recovery. Respondent was also fined $500 and ordered to pay a $200 supervision fee and court costs.

{¶ 8} The parties stipulated and the board found that respondent's conviction violated DR 1–102(A)(6). We accept this finding of misconduct.

## Sanction

{¶ 9} A two-year suspension stayed on stringent conditions for his recovery from drug or alcohol dependence is a commensurate sanction for respondent's misconduct. When lawyers have successfully sought treatment for alcohol or substance abuse, either because of or in lieu of a drug-related conviction, we have similarly ordered two-year suspensions, stayed on remedial conditions, depending

also on the weight of other mitigating and aggravating features of the case. See *Disciplinary Counsel v. Wolf*, 110 Ohio St.3d 411, 2006-Ohio-4709, 853 N.E.2d 1169 (lawyer's addiction to painkilling medication resulted in two felony convictions for procuring dangerous prescription drugs by deception), and *Disciplinary Counsel v. May*, 106 Ohio St.3d 385, 2005-Ohio-5320, 835 N.E.2d 372 (lawyer's addiction to a painkilling prescription drug resulted in his being charged with two felonies for obtaining a dangerous drug by deception and his treatment in lieu of conviction).

{¶ 10} We have considered respondent's ethical breaches and the sanctions that have been ordered in similar cases and have weighed the relevant aggravating and mitigating factors, including those listed in Section 10(B)(1) and (2) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. The parties stipulated to the extent of respondent's recovery from his addictions, a mitigating factor under BCGD Proc.Reg. 10(B)(2)(g)(i) through (iv) (requiring proof that a lawyer has been diagnosed with a chemical dependence by a qualified health-care professional, that the dependence contributed to cause the lawyer's misconduct, and that the lawyer has successfully completed an approved treatment program, and a prognosis by a qualified health-care provider that the lawyer will be able to return to competent, ethical practice).

{¶ 11} Respondent has been diagnosed with chemical dependence on both alcohol and cocaine, and his addictions contributed to cause his misconduct. In October 2006, he entered an inpatient treatment facility for chemical dependence. He was transferred in July 2007 to the Alternatives Agency, Inc., in compliance with the terms of his probation. He later transferred to another treatment program in October 2007 and was released in January 2008. Respondent, who ceased practicing law for at least six months while in treatment, has successfully completed all these programs.

{¶ 12} Respondent has been subject to random drug testing since his conviction and, as of the April 9, 2008 panel hearing, had never tested positive. On December 12, 2006, respondent entered into an Ohio Lawyers Assistance Program ("OLAP") recovery contract, with which he was also in compliance as of the panel hearing. Respondent has experienced a sustained period of sobriety and treatment. Medical prognosis supports that he is able to return to the competent, ethical, professional practice of law.

{¶ 13} Respondent has no prior disciplinary record, did not act out of self-interest, and has cooperated in the disciplinary process. See BCGD Proc.Reg. 10(B)(2)(a), (b), and (d). Respondent has shown that with sobriety, he is considered of good character and reputation in the community. See BCGD

Proc.Reg. 10(B)(2)(e). Respondent has also acknowledged his wrongdoing, which included the failure in his solo practice to maintain a trust account and to advise clients that he lacked malpractice insurance as required by DR 1–104.

{¶ 14} In agreeing on a two-year stayed suspension, the parties jointly proposed as conditions for the stay that respondent (1) complete a five-year monitored probation of his practice pursuant to Gov.Bar R. V(9) by an attorney appointed by relator, (2) complete any outpatient treatment as required by his treatment provider or by the court in his criminal case, (3) continue to comply with the terms of his OLAP contract during the entire five-year probation period, including submitting to random drug testing with periodic OLAP updates to his monitoring attorney, (4) avoid a guilty or no-contest plea to, or conviction of, any drug- or alcohol-related offense, (5) open and maintain a trust account, and (6) either obtain professional-liability insurance in the amount of at least $100,000 per occurrence and $300,000 in the aggregate or advise his clients that he lacks insurance in accordance with Prof.Cond.R. 1.4, the successor to DR 1–104.

{¶ 15} We accept the recommendations of the board. Respondent is suspended from the practice of law in Ohio for two years; however, the suspension is stayed on the listed conditions. If respondent fails to comply with the conditions of the stay or probation, the stay will be lifted, and respondent will serve the entire two-year suspension. Costs are taxed to respondent.

Judgment accordingly.

Moyer, C.J., and Pfeifer, Lundberg Stratton, O'Connor, O'Donnell, Lanzinger, and Cupp, JJ., concur.

---

McDonald Hopkins, L.L.C., R. Jeffrey Pollock, and Mathew M. Nee; and Heather M. Zirke, for relator.

McGinty, Hilow & Spellacy Co., L.P.A., and Mary L. Cibella, for respondent.